LAW OFFICE OF STEWART KATZ
STEWART KATZ, State Bar #127425
GUY DANILOWITZ, SBN #257733
555 University Avenue, Suite 270
Sacramento, California 95825
Telephone: (916) 444-5678

Attorneys for Plaintiff
Vladimir Donets

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VLADIMIR DONETS,

    Plaintiff,

vs.

Roseville Police Department Sergeant DARIN DEFREECE (Badge # 123); and CITY OF ROSEVILLE,

    Defendants.

_____/

\#

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**[42 U.S.C. SECTION 1983]**

**JURY TRIAL DEMANDED**

Plaintiff, Vladimir Donets, complains and alleges as follows:

### I. JURISDICTION

1.    This Complaint seeks, inter alia, damages pursuant to Title 42 U.S.C. sections 1983 and 1988, for violation of plaintiff's civil rights. Jurisdiction is founded upon Title 28 U.S.C. sections 1331 and 1343.

### II. VENUE

2.    Plaintiff's claims, alleged herein, arose in the County of Placer, California. Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. section 1391(b)(2).

## III. INTRODUCTION

3. Vladimir Donets thought he was living the American dream after immigrating from the former Soviet Union where his father had been incarcerated for a decade as a political prisoner because of his religious beliefs. After becoming an American citizen, he worked initially as a commercial truck driver; and as he continued to improve his English language skills and further his education, he transitioned to working in financial planning. He is married with two children.

4. While on his way home from work to have dinner with his family before engaging in youth ministry activities, he was shown that the spirit of the NKVD was alive and well in the City of Roseville. Earlier in the day and unbeknownst to Donets, a vehicle had hit a power box on the street where he lived. Although the incident had, essentially, been resolved by the time he turned onto his street, the Roseville Police were still limiting the through-traffic, depending upon where the drivers were headed. Donets was waived through by a Roseville Community Service Officer.

5. As Donets was approaching his driveway, Sergeant DeFreece flagged him down and motioned him to stop. After Donets stopped his car, DeFreece approached and launched an unprovoked, initial verbally abusive fusillade at Donets. In response, Donets had the temerity to ask what the problem was and further asked why DeFreece was being so discourteous. DeFreece's reaction to this request for temperance was to handcuff and arrest Donets, illegally attempt to suspend his driver's license and subject him to DeFreece's verbal mocking of Donets' Slavic accent before taking him to jail. Fortunately for Donets, a significant portion of DeFreece's performance was recorded. After foiling DeFreece's efforts to illegally suspend his driver's license and enduring a criminal trial which resulted in charges being dismissed, this civil rights complaint is brought in an attempt to make Donets whole and deter DeFreece from similarly abusing other citizens.

## IV. PARTIES

6. Plaintiff Vladimir Donets ("Donets") is a resident of Placer County.

7. Defendant Sergeant Darin DeFreece ("DeFreece") (Badge #123) was during all times mentioned herein a police officer employed by the City of Roseville and acting in the course and scope of his employment.

8. All of the actions committed by and attributed to DeFreece were performed under color of state law.

9. Defendant City of Roseville is a political subdivision of the State of California, created and existing by virtue of the laws of the State of California.

## V. FACTUAL ALLEGATIONS

10. Donets was a thirty-five-year-old who had immigrated to the United States at sixteen in 1989. He earned his United States citizenship six years later in 1995. Donets had taken his American citizenship exam seriously, and was under the belief that American citizens enjoyed certain rights that were not always enjoyed in the former Soviet Union. He and his family had come to the United States for religious freedom. His father had spent ten years as a political prisoner in the Soviet Union.

11. This incident occurred on Monday, October 20, 2008. It was a mild, autumn day. After finishing his day at work as a Financial Services Professional, Donets was on his way home to have dinner with his wife of twelve years and two young children. As he did every Monday, Donets had left work a little earlier than usual so that he could have dinner with his family before going out in the evening to work as a youth pastor.

12. As Donets turned onto Gibson Drive, he was briefly stopped by a female City of Roseville Police Department Community Service Officer who was directing traffic. After Donets indicated where he was going and pointed toward the upscale mixed condominium/apartment complex where he lived, the officer waved him through.

13. Unbeknownst to Donets at the time, an SUV had hit an electrical box on Gibson Road earlier in the afternoon. Although some emergency vehicles were still present, they were in the process of clearing the scene.

14. As Donets proceeded towards his driveway, as directed by the officer, he was waved down by an instantly irate DeFreece. Donets stopped his car and attempted to

find out from DeFreece what the problem was. Instead of a dialogue, Donets received a diatribe. When DeFreece advised Donets of how "lucky" he was to be getting a "verbal warning" instead of harsher treatment, Donets calmly attempted to find out what he had done wrong and why DeFreece was using such discourteous language.

15. Donets' query fueled DeFreece's fire. Sergeant DeFreece got even madder; and after verbally abusing Donets further, he told him he was now getting a citation.

16. When Donets again asked the Sergeant to show some civility and simply explain what he, Donets, had done wrong, DeFreece handcuffed Donets and placed him under arrest. DeFreece did not explain that Donets was now in contempt of cop.

17. While Donets was still at the scene handcuffed in the back of a patrol car, he was treated to DeFreece proudly reenacting his version of the events, complete with his mimicking in an exaggerated fashion Donets' speech (English with a Slavic accent) for the amusement of his fellow officers who were standing right outside the car. Fortunately for Donets, but unfortunately for DeFreece, much of his performance was captured on the audio portion of the patrol car's in-car camera system.

18. In addition to arresting Donets and taking him to jail, DeFreece had Donets' Mercedes Benz towed, despite the fact that Donets was less than a block from home. Further, he caused his criminal prosecution by preparing false and misleading police reports, and he illegally attempted to suspend his driver's license.

19. At the jail, DeFreece issued Donets a notice of priority license examination pursuant to California Vehicle Code section 21061. Under this provision, Donets' license was to be automatically suspended unless he could provide medical proof within five days to the satisfaction of the Department of Motor Vehicles that he was not mentally or physically incapable of safely driving. Under penalty of perjury, DeFreece signed off on the notice that he believed Donets was either mentally or physically incapable of driving. Ironically, Donets' initial adult employment included working as a commercial ready-mix driver for Teichert Ready Mix, for which he held a Class A license.

20. At Donets' criminal trial, DeFreece attributed his own actions regarding Donets' license as being the product of the training he had received from the City of Roseville. DeFreece claimed his actions regarding Donets' license were consistent with the training and practices of the Roseville Police Department.

21. In the recorded portion of DeFreece's monologue after Donets' arrest, he expressed the philosophy that his actions evidenced, "In for a penny. In for a pound."

22. DeFreece intentionally filed a false report in which he grossly mischaracterized the nature of the safety concerns to which he was responding when he arrested Donets. Defreece also excluded exculpatory evidence from his report. DeFreece's misstatements in his report included that there was exposed wiring and visible smoke coming from an electrical box which had been struck by a vehicle several hours earlier. In reality, the workers who had repaired the box were packing up and were five minutes from leaving the scene when Donets was arrested. This was not mentioned in the report. In addition, DeFreece's report falsely stated that Donets had lied about where he lived to the Community Service Officer who was directing traffic, when, in fact, Donets truthfully indicated where he lived and the Community Service Officer waved him through.

23. Donets was able to prove to the Department of Motor Vehicles that he was physically/mentally competent enough to safely drive, thus thwarting DeFreece's initiation of a license suspension.

24. Criminal charges were dismissed following a criminal trial at which a jury heard the audio recording from the patrol car's in-car camera system. A copy of that recording is attached to this Complaint as Exhibit A.

25. The recording (Exhibit A) also captures DeFreece's immediate supervisor expressing his disbelief that DeFreece could have allowed this situation to develop during the five minutes he was left in charge of the scene.

26. As a result of DeFreece's and City of Roseville's actions, plaintiff was deprived of his liberty, subjected to a criminal prosecution and the loss of his driver's license, incurred legal fees, and incurred expenses related to an unnecessary medical

examination and the towing and impound of his vehicle. The aforementioned acts were malicious, reckless, and/or accomplished with a conscious disregard of plaintiff's rights, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Unreasonable Seizure/Excessive Force**
**(Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. §1983)**
*(Brought against Defendant DeFreece)*

27. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26, as though fully set forth herein.

28. The actions of defendant DeFreece, as alleged herein, interfered with the exercise and enjoyment of plaintiff's civil rights as guaranteed by the Fourth Amendment to the U.S. Constitution. Specifically, defendant used excessive force upon plaintiff and interfered with his rights by handcuffing him, arresting him, and taking him to jail without legal cause.

29. As a direct and proximate result of said acts and/or omissions by defendant, plaintiff suffered unreasonable interference with his personal liberty, physical injury, emotional distress and other injuries.

30. The aforementioned acts and/or omissions of said defendant were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of exemplary and punitive damages.

### SECOND CAUSE OF ACTION
**Malicious Prosecution**
**(Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. §1983)**
*(Brought against Defendant DeFreece)*

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30, as though fully set forth herein.

32. The actions of defendant DeFreece, as alleged herein, interfered with the exercise

and enjoyment of plaintiff's civil rights as guaranteed by the Fourth Amendment to the U.S. Constitution. Specifically, defendant maliciously prosecuted plaintiff by instituting a criminal action against plaintiff, without probable cause, which ended in plaintiff's favor. Defendant acted maliciously in instituting the criminal proceeding and plaintiff suffered deprivation of liberty as a consequence of the proceeding.

33. As a direct and proximate result of said acts and/or omissions by defendant DeFreece, plaintiff suffered unreasonable interference with his personal liberty, physical injury, emotional distress and other injuries.

34. The aforementioned acts and/or omissions of said defendant were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of exemplary and punitive damages.

### THIRD CAUSE OF ACTION
**Abuse of Process**
**(Violation of the Fourteenth Amendment to the U.S. Constitution: Actionable under 42 U.S.C. §1983)**
*(Brought against Defendant DeFreece)*

35. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34, as though fully set forth herein.

36. The actions of defendant DeFreece, as alleged herein, interfered with the exercise and enjoyment of plaintiff's civil rights as guaranteed by the Fourteenth Amendment to the U.S. Constitution. Specifically, defendant contemplated an ulterior motive in using the judicial process and committed a willful act in the use of that process not proper in the regular conduct of proceedings by issuing plaintiff a notice of priority license examination.

37. As a direct and proximate result of said acts and/or omissions by defendant, plaintiff suffered unreasonable interference with his personal liberty, physical injury, emotional distress and other injuries.

38. The aforementioned acts and/or omissions of said defendant were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of plaintiff's rights entitling plaintiff to an award of exemplary and punitive damages.

## FOURTH CAUSE OF ACTION
### Entity Liability/Unconstitutional Practices
### (*Monell* claim: Actionable under 42 U.S.C. §1983)
(*Against Defendant City of Roseville*)

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38, as though fully set forth herein.

40. The aforementioned acts, including issuing plaintiff a notice of priority license examination, were done pursuant to the practices of defendants City of Roseville and Darin DeFreece and resulted in violating plaintiff's constitutional rights.

41. These practices are specifically referenced in paragraphs 18, 19, 20 and 21 above and constitute an ongoing pattern of deliberate indifference to citizens to be free from abuse of process, and deny them constitutionally guaranteed due process rights.

42. As a direct and proximate result of the aforementioned policies and procedures of said defendants, plaintiff suffered injuries and damages as alleged herein.

## FIFTH CAUSE OF ACTION
### Entity Liability/Failure to Train
### (*Monell* claim: Actionable under 42 U.S.C. §1983)
(*Against Defendant City of Roseville*)

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42, as though fully set forth herein.

44. The aforementioned acts of the individually named defendant in issuing plaintiff a notice of priority license examination occurred as a result of defendant City of Roseville's failure to adequately train officers to lawfully enforce California Vehicle Code Section 21061.

45. Defendant City of Roseville's failure to adequately train officers in the lawful enforcement of California Vehicle Code Section 21061 amounted to deliberate indifference to the rights and privileges of citizens of the City of Roseville to be free from abuse of process.

46. Defendant City of Roseville tacitly encouraged, ratified and/or approved of the unlawful enforcement of California Vehicle Code Section 21601 against plaintiff, and knew or should have known that such conduct was unjustified and would result in violations of

plaintiff's constitutional rights.

47. The inaction of defendant City of Roseville was a direct and proximate cause of the injuries suffered by plaintiff.

48. As a direct and proximate result of the inactions of defendant City of Roseville, plaintiff suffered injuries and damages as alleged herein.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For compensatory, general and special damages against each defendant, jointly and severally, in the amount proven at trial;

2. For punitive and exemplary damages against each defendant in an amount appropriate to punish defendants and deter others from engaging in similar misconduct, as allowed by law;

3. For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper; and

4. For costs and reasonable attorneys' fees pursuant to 42 U.S.C. section 1988 and as otherwise authorized by statute or law.

Dated: October 7, 2010                                    Respectfully submitted,

                                                          /s/ Stewart Katz
                                                          STEWART KATZ,
                                                          Attorney for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff VLADIMIR DONETS hereby demands trial by jury.

Dated: October 7, 2010

                                                          /s/ Stewart Katz
                                                          Stewart Katz,
                                                          Attorney for Plaintiff

Complaint for Violation of Civil Rights; Jury Trial Demanded                           9

# DVD:

## AUDIO / VIDEO RECORDING FROM THE PATROL CAR'S IN-CAR CAMERA SYSTEM

# EXHIBIT A