UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VLADIMIR DONETS,

                       NO. CIV. S-10-2729 LKK/GGH

      Plaintiff,

   v.

ROSEVILLE POLICE DEPARTMENT
SERGEANT DARIN DEFREECE
(Bade #123); and CITY OF
ROSEVILLE,

      Defendants.

_____/

### **STATUS (PRETRIAL SCHEDULING) CONFERENCE**

    READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

    Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in chambers on January 10, 2011.  Guy

1

1  Danilowitz appeared as counsel for plaintiff; Bruce A. Kilday
2  appeared as counsel for defendants.  After hearing, the court makes
3  the following findings and orders:

**SERVICE OF PROCESS**

5  Plaintiff is granted sixty (60) days after service of Rule 26
6  discovery to add parties without further order of the court.
7  Thereafter, no service is permitted without leave of court.

**JOINDER OF PARTIES/AMENDMENTS**

9  No further amendments to pleadings is permitted except with
10 leave of court, good cause having been shown.  <u>See</u> <u>Johnson v.</u>
11 <u>Mammoth Recreations, Inc.</u>, 975 F.2d 604 (9th Cir. 1992).

**JURISDICTION/VENUE**

13 Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343 is
14 undisputed and is hereby found to be proper, as is venue.

**MOTION HEARING SCHEDULES**

16 All law and motion except as to discovery is left open, save
17 and except that it shall be conducted so as to be completed by
18 September 29, 2011.  The word "completed" in this context means
19 that all law and motion matters must be **heard** by the above date.
20 Because this date is not necessarily a date previously set aside
21 for law and motion hearings, it is incumbent upon counsel to
22 contact this court's courtroom deputy, Ana Rivas at (916) 930-4133,
23 sufficiently in advance so as to ascertain the dates upon which law
24 and motion will be heard and to properly notice its motion for
25 hearing before that date.  Counsel are cautioned to refer to Local
26 Rule 230 regarding the requirements for noticing such motions on

2

1  the court's regularly scheduled law and motion calendar.
2  **Opposition or statement of non-opposition to all motions shall be**
3  **filed not later than 4:30 p.m. fourteen (14) days preceding the**
4  **hearing date, or by proof of service by mail not less than**
5  **seventeen (17) days preceding the hearing date.** This paragraph
6  does not preclude motions for continuances, temporary restraining
7  orders or other emergency applications, and is subject to any
8  special scheduling set forth in the "MISCELLANEOUS PROVISIONS"
9  paragraph below.

10      At the time of filing a motion, opposition, or reply, counsel
11  are directed to email a copy in word processing format to lkk-
12  pleadings@caed.uscourts.gov.

13      The parties should keep in mind that the purpose of law and
14  motion is to narrow and refine the legal issues raised by the case,
15  and to dispose of by pretrial motion those issues that are
16  susceptible to resolution without trial. To accomplish that
17  purpose, the parties need to identify and fully research the issues
18  presented by the case, and then examine those issues in light of
19  the evidence gleaned through discovery. If it appears to counsel
20  after examining the legal issues and facts that an issue can be
21  resolved by pretrial motion, counsel are to file the appropriate
22  motion by the law and motion cutoff set forth supra.

23      **Unless prior permission has been granted, memoranda of law in**
24  **support of and in opposition to motions are limited to thirty (30)**
25  **pages, and reply memoranda are limited to fifteen (15) pages. The**
26  **parties are also cautioned against filing multiple briefs to**

1  **circumvent this rule.**

2      Where the parties bring motions for summary judgment, the

3  court will deem facts which are apparently undisputed as undisputed

4  under Fed. R. Civ. P. 56(d), unless specifically reserved and that

5  party tenders evidence to support the reservation.

6      <u>ALL</u> PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL

7  MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL ORDINARILY BE

8  VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.   COUNSEL ARE CAUTIONED

9  THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT

10 BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND

11 MOTION CUTOFF,  FOR  INSTANCE  WHERE  THE  ISSUE  IS  JURISDICTION,

12 SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAIL TO

13 TIMELY FILE AN APPROPRIATE MOTION.

14      Counsel  are  further  reminded  that  motions  in  limine  are

15 procedural  devices  designed  to  address  the  admissibility  of

16 evidence.   COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH

17 DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS

18 IN LIMINE  AT THE TIME OF TRIAL.

19      **<u>DISCOVERY</u>**

20      No modifications of the discovery requirements found in the

21 Federal Rules is ordered.

22      All discovery is left open, save and except that it shall be

23 so conducted as to be <u>completed</u> by July 29, 2011.  The word

24 "completed" means that all discovery shall have been conducted so

25 that all depositions have been taken and any disputes relative to

26 discovery  shall  have  been  resolved  by  appropriate  order  if

4

1  necessary and, where discovery has been ordered, the order has been
2  complied with.  Motions to compel discovery must be noticed on the
3  magistrate judge's calendar in accordance with the local rules of
4  this court and so that such motions will be heard not later than
5  June 29, 2011.  In this regard, all counsel are to designate in
6  writing and file with the court and serve upon all other parties a
7  final list of the names of all experts that they propose to tender
8  at trial not later than forty-five (45) days before the close of
9  discovery herein established.  At the time of designation, all
10 experts shall submit a written report.  The contents of the report
11 must comply with Federal Rule of Civil Procedure 26 (A)(2)(b).  All
12 experts so designated are to be fully prepared to render an
13 informed opinion at the time of <u>designation</u> so that they may fully
14 participate in any deposition taken by the opposing party.  Experts
15 will not be permitted to testify at the trial as to any information
16 gathered or evaluated, or opinion formed, after deposition taken
17 subsequent to designation.

18     An expert witness not appearing on said lists will not be
19 permitted to testify unless the party offering the witness
20 demonstrates:  (a) that the necessity of the witness could not have
21 been reasonably anticipated at the time the lists were exchanged;
22 (b) the court and opposing counsel were promptly notified upon
23 discovery of the witness; and (c) that the witness was promptly
24 proffered for deposition.

25     **MID-LITIGATION STATEMENTS**

26     Not later than fourteen (14) days prior to the close of

1  discovery, all parties shall file with the court and serve on all
2  other parties a brief statement summarizing all law and motion
3  practice heard by the court as of the date of the filing of the
4  statement, whether the court has disposed of the motion at the time
5  the statement is filed and served, and the likelihood that any
6  further motions will be noticed prior to the close of law and
7  motion.  The filing of this statement shall not relieve the parties
8  or counsel of their obligation to timely notice all appropriate
9  motions as set forth above.

10       **FINAL PRETRIAL CONFERENCE**

11       The Final Pretrial Conference is **SET** for December 19, 2011, at
12  1:30 p.m.  Counsel are cautioned that counsel appearing for
13  Pretrial will in fact try the matter.

14       Counsel for all parties are to be fully prepared for trial at
15  the time of the Pretrial Conference, with no matters remaining to
16  be accomplished except production of witnesses for oral testimony.
17  Counsel are referred to Local Rules 280 and 281 relating to the
18  contents of and time for filing Pretrial Statements.  In addition
19  to those subjects listed in Local Rule 281(b), the parties are to
20  provide the court with a plain, concise statement which identifies
21  every non-discovery motion tendered to the court, and its
22  resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 280 AND 281 WILL
23  BE GROUNDS FOR SANCTIONS.

24       The parties shall file Separate Pretrial Statements, the
25  contents and timing of which are set forth in Local Rule 281,
26  except that the parties are to prepare a JOINT STATEMENT with

6

1  respect to the undisputed facts and disputed factual issues of the
2  case.   See Local Rule 281(b)(3), (4), and (6).   The parties are
3  reminded to include in their joint statement all disputed and
4  undisputed special factual information as required by Local Rule
5  281(b)(6).

6      The undisputed facts and disputed factual issues are to be set
7  forth in two separate sections.   In each section, the parties
8  should identify first the general facts relevant to all causes of
9  action.   After identifying the general facts, the parties should
10 then identify those facts which are relevant to each separate cause
11 of action.   In this regard, the parties are to number each
12 individual fact or factual issue.   Where the parties are unable to
13 agree as to what factual issues are properly before the court for
14 trial, they should nevertheless list in the section on "DISPUTED
15 FACTUAL ISSUES" all issues asserted by any of the parties and
16 explain by parenthetical the controversy concerning each issue.
17 Each individual disputed fact or factual issue shall include the
18 following introductory language:   "Whether or not . . . ."   The
19 parties should keep in mind that, in general, each fact should
20 relate or correspond to an element of the relevant cause of action.
21 Notwithstanding the provisions of Local Rule 281, the Joint
22 Statement of Undisputed Facts and Disputed Factual Issues is to be
23 filed with the court concurrently with the filing of plaintiff's
24 Pretrial Statement.   If the case is tried to a jury, the undisputed
25 facts will be read to the jury.

26     Pursuant to Local Rule 281(b)(10) and (11), the parties are

1   required to provide in their Pretrial Statements a list of

2   witnesses and exhibits that they propose to proffer at trial, no

3   matter for what purpose.  These lists shall <u>not</u> be contained in the

4   Pretrial Statement itself, but shall be attached as separate

5   documents to be used as addenda to the Final Pretrial Order.

6   Plaintiff's exhibits shall be listed **numerically**; defendant's

7   exhibits shall be listed **alphabetically**.  In the event that the

8   alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z,

9   3A-3Z, etc."  The Pretrial Order will contain a stringent standard

10  for the proffering of witnesses and exhibits at trial not listed in

11  the Pretrial Order.  Counsel are cautioned that the standard will

12  be strictly applied.  On the other hand, the listing of exhibits or

13  witnesses which counsel do not intend to call or use will be viewed

14  as an abuse of the court's processes.

15      Pursuant to Local Rule 281(b)(12), a party is required to

16  provide a list of all answers to interrogatories and responses to

17  requests for admission that the party expects to offer at trial.

18  This list should include only those documents or portions thereof

19  which the party expects to offer in its case-in-chief.  Unless

20  otherwise barred by a rule of evidence or order of this court, the

21  parties remain free to tender appropriate discovery documents

22  during trial for such purposes as, but not limited to, impeachment

23  or memory refreshment.

24      Pursuant to Local Rule 281(b)(8), the parties' Pretrial

25  Statements shall contain a "statement of legal theory, etc."  Each

26  party shall commence this section by specifying as to each claim

1  whether federal or state law governs, and if state law, the state

2  whose law is applicable.

3      Counsel are also reminded that, pursuant to Fed. R. Civ. P.

4  16, it will be their duty at the Pretrial Conference to aid the

5  court in (a) formulation and simplification of issues and the

6  elimination of frivolous claims or defenses; (b) settling of facts

7  which should be properly admitted; and (c) the avoidance of

8  unnecessary proof and cumulative evidence.  Counsel must prepare

9  their Pretrial Statements, and participate in good faith at the

10 Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO

11 MAY RESULT IN THE IMPOSITION of SANCTIONS which may include

12 monetary sanctions, orders precluding proof, eliminations of claims

13 or defenses, or such other sanctions as the court deems

14 appropriate.

15     **TRIAL SETTING**

16     Trial is **SET** for March 20, 2012, at 10:30 a.m.  Trial will be

17 by jury.  The parties represent in good faith that the trial will

18 take approximately five (5) days.

19     **SETTLEMENT CONFERENCE**

20     A Settlement Conference will be set before a judge other than

21 the trial judge at the time of the Pretrial Conference.

22     Counsel are cautioned to have a principal capable of

23 disposition present at the Settlement Conference or to be fully

24 authorized to settle the matter on any terms and at the Settlement

25 Conference.

26 ////

1       **MISCELLANEOUS PROVISIONS**

2           The parties are reminded that pursuant to Fed. R. Civ. P.

3   16(b), the Status (pretrial scheduling) Order **shall not be modified**

4   **except by leave of court upon a showing of good cause.** Counsel are

5   cautioned that changes to any of the scheduled dates will

6   necessarily result in changes to all other dates.  Thus, even where

7   good cause has been shown, the court will not grant a request to

8   change the discovery cutoff date without modifying the pretrial and

9   trial dates.

10          **Agreement by the parties pursuant to stipulation does not**

11  **constitute good cause.  Nor does the unavailability of witnesses or**

12  **counsel, except in extraordinary circumstances, constitute good**

13  **cause.**

14          The parties are reminded of their continuing obligation to

15  supplement their statements relative to the identification of

16  parent corporations and any publicly held company that owns 10% or

17  more of the party's stock within a reasonable time of any change in

18  the information.

19          The parties are admonished that they are not to cite or refer

20  to any of the quotations inscribed in the pavers on the front plaza

21  of the United States Courthouse in any written or oral presentation

22  to the court or a jury.

23          There appear to be no other matters presently pending before

24  the court that will aid the just and expeditious disposition of

25  this matter.

26  ////

1    IT IS SO ORDERED.

2    DATED:   January 14, 2011.

3

4

5    _____
     LAWRENCE K. KARLTON
6    SENIOR JUDGE
     UNITED STATES DISTRICT COURT
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26